UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA RAGLAND et al., *Plaintiffs*, v. TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES et al., *Defendants*. | § | Civil Action No. 3:26-CV-3477-X |

**ORDER ON MOTION FOR LEAVE TO FILE UNDER SEAL**

Before the Court is the Plaintiffs Chelsea Ragland et al.'s (Ragland Family) motion for leave to file under seal. (Doc. 2). Having considered the motion, the Court **DENIES WITHOUT PREJUDICE** the motion. The Ragland Family may refile a subsequent motion to seal once it complies with the requirements of this order and the Local Rules of this Court.

The Court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests.[1] The parties may agree between themselves to designate documents "confidential" during discovery. The typical standard there involves the parties assessing whether they want that material in the public domain. But filing that material with the Court under seal is a different matter altogether. Court proceedings are, by and large, public matters (and rightfully so given that tax

[1] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022).

dollars fund the courts and we have this wonderful protection called the First Amendment).[2]

A party seeking to file a specific document under seal[3] must move for leave to do so and: (1) identify precisely what information (pages, lines, etc.) the party wants sealed; (2) conduct a line-by-line, page-by-page analysis[4] explaining and briefing why the risks of disclosure outweigh the public's right to know; and (3) explain why no other viable alternative to sealing exists.[5] Further, all facts recited in any such

---

[2] "The public's right of access to judicial records is a fundamental element of the rule of law. . . . Article III courts are independent, and it is particularly *because* they are independent that the access presumption is so vital—it gives the federal judiciary a measure of accountability, in turn giving the public confidence in the administration of justice." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (cleaned up). "The rationale for public access is even greater" in cases that "involve matters of particularly public interest." *June Med. Servs.*, 22 F.4th at 520 (cleaned up); *see also SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1998))); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (the First Amendment and the common law limit the court's discretion to seal records).

[3] Parties should not seek to file under seal any information that is already publicly available. *June Med. Servs.*, 22 F.4th at 520 ("We require information that would normally be private to become public by entering the judicial record. How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public. We will abide no such absurdity." (cleaned up)).

[4] *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) ("[I]t is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review.").

[5] *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017) ("This court disfavors the sealing of briefs or portions of the record where the parties on appeal have not articulated a legal basis for the sealing."). The Fifth Circuit has "repeatedly required parties to justify keeping materials under seal." *Id.*; *see, e.g.*, *Claimant ID 100236236 v. BP Expl. & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs *sua sponte* as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No.16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed redacted briefs and record excerpts on the public docket). Also, the parties should note that a showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access. *Brown*, 710 F.2d at 1179.

motion must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the Court in making fact findings that can withstand appellate scrutiny.[6]

The Court recognizes that typically the party seeking to seal documents may not possess personal knowledge of the facts to be included in a motion for leave to file under seal. In these instances, the parties should either prepare joint motions for leave to file documents under seal (and the party with personal knowledge verifies the facts in the section on justification) or the parties should make separate filings.

The Ragland Family submitted its complaint and exhibits (Doc. 1) in a manner that identified, by page and line, precisely what information they want sealed. The Court requests that the Ragland Family's subsequent motion to seal provide a textual description of these sealed provisions to assist the Court's disposition of that motion.

The Ragland Family's motion does not, however, conduct a line-by-line, page-by-page *analysis* explaining and briefing why the risks of disclosure outweigh the public's right to know. Nor does the motion explain why no other viable alternative to sealing exists. The Court further requires all facts recited in any such motion to be verified by the oath or declaration of a person or persons with personal knowledge.

Furthermore, the Ragland Family's motion does not include a certificate of conference or an explanation of why it was not possible to confer. Local Rule 7.1(a) requires a conference for all motions unless exempt. A motion for leave to file requires

[6] *See United States v. Edwards*, 823 F.2d 111, 119 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge, the court must make specific fact findings that substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

a conference.[7] Local Rule 7.1(b) requires every motion for which conference is required to include a certificate of conference.

The Court recognizes that this case is at an early stage and that Defendants have not yet appeared. But that does not excuse compliance with Local Rule 7.1(b). Local Rule 7.1(b)(3) requires at least and explanation for "why it was not possible to confer." The Ragland Family provided none.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion for leave to file under seal. The Ragland Family may file a subsequent motion to seal that complies with this order and the Local Rules of this Court on or before November 16, 2026. The original motion for leave to file under seal and all attachments (Doc. 2) shall remain sealed until the disposition of the Ragland Family's subsequent motion to seal. If the Ragland Family does not file a subsequent motion to seal, the original motion shall be unsealed on November 17, 2026.

**IT IS SO ORDERED** this 19th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[7] N.D. Tex. L.R. 7.1(h).